**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 97-50563

---

KEN FITZGERALD, doing business as
Performance Orthapaedics,

Plaintiff-Appellant,

versus

ADVANCED SPINE FIXATIONS SYSTEMS, INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas

June 11, 1998

Before POLITZ,Chief Judge, SMITH and DUHÉ, Circuit Judges.

PER CURIAM:

This case involves an important question of state law which the Texas courts have not as yet resolved. We therefore have determined that our proper course, in this diversity jurisdiction case in which we are to apply the law of the State of Texas, is to certify the central question in this matter to the Supreme Court of Texas.

1

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO THE TEXAS CONSTITUTION ART. 5 § 3-C AND TEX. R. APP. P. 114

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

1.    STYLE OF THE CASE

The style of the case in which this certificate is made is Kenneth C. Fitzgerald d/b/a/ Performance Orthopedics, Plaintiff-Appellant v. Advanced Spine Fixation System, Inc., Defendant Appellee, Case No. 97-50563, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Western District of Texas.  This case involves a determinative question of state law and jurisdiction of the case in federal court is based solely on diversity of citizenship.   After oral argument by the parties, the Fifth Circuit has decided to certify this question to the Honorable Justices of the Texas Supreme Court.

2.    STATEMENT OF THE CASE

The facts of this case are undisputed.  Defendant, Advanced Spine Fixation System manufactured spinal fixation devices that the plaintiff, Performance Orthopedics, sold in the El Paso, Texas area.   Advanced Spine and Performance Orthopedics, as well as other manufacturers and sellers, were named as defendants

2

in a multi-district litigation[1] in the United States District Court for the Eastern District of Pennsylvania. The complaints, known as the "omni" complaints, included not only claims of strict products liability, negligence, breach of express warranty, illegal marketing and promotional activities, intentional and negligent infliction of emotional distress, and failure to warn, but also claims of conspiracy, concert of action, aiding and abetting, enterprise liability, and fraud on the marketplace.

All claims brought against Performance Orthopedics were eventually dismissed in the multi-district litigation after discovering that Performance Orthopedics did not sell any of the spinal fixation devices implanted in any plaintiff who filed suit. Performance Orthopedics subsequently brought this action against Advanced Spine for indemnification, pursuant to the Products Liability Act of 1993,[2] seeking attorney's fees as well as the expenses and costs required to defend

---

[1]**In Re: Orthopaedic Bone Screw Products Liability Litigation**, MDL Docket No. 1014.

[2]**Manufacturer's Duty to Indemnify**

    (a)  A manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable.

itself in the litigation.

The district court granted Advanced Spine's motion for summary judgment, concluding that: 1) the industry wide conspiracy theories did constitute a "products liability action" under the Texas Products Liability Act; 2) the underlying plaintiff's allegation that Performance Orthopedics engaged in "negligence, intentional misconduct, or [any] other act or omission..." does not preclude

_____

\* \* \* \* \*

(e) The duty to indemnify under this section:

     (1)    applies without regard to the manner in which the action is concluded; and

     (2)    is in addition to any duty to indemnify established by law, contract or otherwise.

TEX. CIV. PRAC. & REM. CODE ANN. § 82.002

**Definitions**

\* \* \* \* \*

(2)"Products liability action" means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

\* \* \* \* \*

(3) "Seller" means a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption of a product or any component part thereof.

TEX. CIV. PRAC. & REM. CODE ANN. § 82.001.

4

Performance Orthopedics' recovery under the exception to indemnification based on losses "caused by the seller[]...for which the seller is independently liable"; and 3) the Texas Legislature did not intend to provide indemnity to retailers who did not sell the "injuring product" to the plaintiffs in the underlying suit. Performance Orthopedics now appeals the trial court's decision.

3.     QUESTION CERTIFIED

Whether the Texas Products Liability Act of 1993, Tex. Civ. Pract. & Rem. Code Ann. § 82.002, requires a manufacturer of an injuring product to indemnify a retailer that was forced to defend itself in products liability litigation even though the retailer, who sold products of the same or similar type involved in the suit, did not sell the particular product claimed to have harmed the underlying plaintiff.

4.     CONCLUSION

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified. The answer provided by the Supreme Court of Texas will determine the issue on appeal in this case. The record in this case, together with the copies of the parties' briefs, is transmitted herewith.